IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| SONNY HARRIS, #648724 | § § § | |
| v. | § § § § | CIVIL ACTION NO. G-05-648 |
| DOUG DRETKE, DIRECTOR TDCJ-CID | § § | |

### REPORT AND RECOMMENDATION

     Before the Court is the Petition for a Writ of Habeas Corpus of Sonny Harris, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 9th District Court of Montgomery County, Texas. Petitioner pled guilty to burglary of a habitation on May 7, 1993, and was sentenced to fifteen years imprisonment. He had already been incarcerated since August 24, 1992, on the burglary charge.

     Petitioner does not challenge his conviction in this habeas action. Instead, he claims that he was denied credit for the time he spent while he was released on parole. He filed a writ of habeas corpus in state court pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Court of Criminal Appeals denied it without written order on October 19, 2005. Petitioner subsequently filed the instant writ in federal court in a timely manner. The State has filed a

Motion for Summary Judgment, but Petitioner has failed to respond. The Court submits its Report and Recommendation to the District Court.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner is entitled to habeas relief only if the adjudication of his state habeas claim resulted in a decision that was contrary to, or involved an unreasonable application of, federal law or resulted in a decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Even assuming that Petitioner has raised a constitutional issue, his claim is without merit. Texas state law allows prisoners to "street time" credit under limited circumstances. However, the Texas Government Code sets limits on how such credits can be applied, albeit in language that even the Court of Criminal Appeals has recognized as being exceptionally unclear. *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004):

> For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Tex. Gov. Code § 508.283(c).

In this case, Petitioner began to serve his sentence on August 24, 1992, and he was released on parole on September 5, 1996, with 4,005 days left to serve. State's Motion at Ex. A. The warrant initiating Petitioner's parole revocation process was issued on October 30, 2001. Id. at Ex. B. Petitioner had spent 1,881 days on parole at that time and would have had 2,124 days remaining on his sentence. Thus, on the day the warrant was issued, the remaining portion of Petitioner's sentence

was more, not less, than the 1,881 days he spent on parole. He therefore does not qualify for the time credit he seeks in this proceeding.

The this reason, the Court **RECOMMENDS** the State's Motion for Summary Judgment (Instrument No. 8) be **GRANTED** and that Petition for a Writ of Habeas Corpus of Sonny Harris (Instrument No. 1) be **DISMISSED**.

The Clerk shall send copies of this Report and Recommendation to the Parties. The Parties shall have until **June 6, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. <u>The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300</u>. **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____15th_____ day of May, 2006.

_____
John R. Froeschner
United States Magistrate Judge

3